IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CARRIE FINCH,

    Plaintiff,

v.                           CV 616-169

OWNERS INSURANCE COMPANY,

    Defendant.

**O R D E R**

Before the Court are Plaintiff (doc. 57) and Defendant's (doc. 28) motions to exclude expert witness testimony and Defendant's motion for summary judgment. (Doc. 27.) The Clerk has given Plaintiff notice of the summary judgment motion and the summary judgment rules, of the right to file affidavits or other materials in opposition, and the consequences of default. Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), have been satisfied. For the following reasons, Plaintiff and Defendant's motions to exclude expert testimony (docs. 28, 57) are **DENIED** and Defendant's motion for summary judgment (doc. 27) is **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] Both parties have also moved for a hearing on Defendant's motions. Because the Court concludes there is no need for oral argument in this matter and has

## I. BACKGROUND

In January 2016, Plaintiff Carrie Finch's daughter, Donna Finch, discovered damage to the roof of Plaintiff's house.[2] (Donna Finch Dep., Doc. 27-1, 33:17-21.) The damage was caused by a hailstorm that passed over the house in June 2015. (Dukes Dep., Doc. 27-2, 31:2-4.) After noticing the damage, Plaintiff filed a claim with Defendant Owners Insurance Company under the Plaintiff's homeowners insurance policy ("the Policy"). (Donna Finch Dep., 46:12-14.)

Defendant's claim adjuster John Dukes inspected the house on January 19, 2016. (Dukes Dep., 32:2-14.) After deciding the roof was damaged by hail, Defendant mailed a check for the estimated cost of repairing the roof. (Id.) Plaintiff replaced the roof sometime between April and May 2016. (Minick Dep., Doc. 27-4, 25:19-21.)

Around mid-February 2016, before Plaintiff had replaced her roof, she learned that the house had mold damage. (Darrell Finch Dep., Doc. 27-3, 57-60.) Plaintiff filed a new claim and Mr. Dukes brought engineer Ron Powers to inspect the home on

---

resolved all pending motions before it, the parties' motions (docs. 44, 50) are **DENIED**.

[2] Plaintiff's house was purchased in 1996. (Doc. 27-12, 1.) Ownership was originally shared equally between Plaintiff, her husband, Juvay Finch, and her children Darrell and Donna Finch. (Id.) In 1998, a one-fifth interest was conveyed to Debra Minick. (Id. at 3.) Despite the house's shared ownership, the homeowners insurance policy only lists Plaintiff and Juvay Finch. (Doc. 27-8, 3.)

2

February 23, 2016. (Dukes Dep., 54:7-15.) Mr. Powers told Mr. Dukes that the cause of the mold damage was surface water, improper construction, and inadequate maintenance. (Id. at 84:3-6.) Defendant, however, claims the Policy does not cover such damages. On March 10, 2016, Plaintiff received Defendant's coverage position letter refusing to pay for the mold damage. (Dukes Dep., 78:13-16.)

On July 25, 2016, Plaintiff sent a demand to have Defendant pay for the mold damage. (Compl., ¶ 38.) The parties could not come to an agreement, and Plaintiff filed suit for breach of contract and bad faith refusal to pay a claim in the Superior Court of Screven County, Georgia. (Id. at 1.) Defendant removed the action on the basis of diversity jurisdiction on December 13, 2016. (Doc. 1-2.)

According to the original scheduling order, Plaintiff had until March 19, 2017, to furnish any expert witness report. (Doc. 9.) On March 16, 2017, Plaintiff disclosed the expert witness reports of Stuart Gregory, Frank Parson, Susan Cox, and Tim Durden.[3] (Doc. 28, Exs. A.-C.) On May 9, 2017, Defendant complained that the reports of Mr. Gregory, Ms. Cox, and Mr. Durden did not satisfy Federal Rule of Civil Procedure

---

[3] Although Defendant was presumably satisfied with Mr. Parson's first report, Plaintiff gave Defendant a modified report on the day of Mr. Parson's deposition. (Frank Parson Dep., Doc. 27-5, 35:13-16.) Whereas the original report was limited to mold damage, the new report included structural damages. (Id. at 36:14-19.)

3

26(a)(2)(B). (Doc. 34-1, 27.) Plaintiff disclosed supplemental reports for those experts on May 23, 2017. (Id. at 37, 42) However, Defendant claims Plaintiff's supplemental reports were still insufficient.

On May 5, 2017, Defendant's counsel met with Mr. Gregory during Mr. Gregory's investigation into the cause of the mold damage. (Rountree Aff., Doc. 51-1, ¶ 4.) However, on June 26, 2017, Defendant informed Plaintiff that it would not depose Mr. Gregory and intended to challenge Mr. Gregory, Mr. Durden, and Ms. Cox's testimony because of Plaintiff's untimely disclosure. (Doc. 34-1, 99.) Plaintiff subsequently had Mr. Gregory submit a more comprehensive report. (Id. at 141.) However, at the close of discovery on July 3, 2017, Mr. Gregory, Mr. Durden, and Ms. Cox had still not been deposed.

## II. DISCUSSION

### A. Defendant's Motion to Exclude Expert Testimony

Initially, Defendant argues that all Plaintiff's experts should be excluded because Plaintiff's expert witness reports were untimely and inadequate. Under Federal Rule of Civil Procedure 26(a)(2)(B), a party must identify any expert witness it intends to use at trial. Additionally, ninety days before trial or at a date set by the Court, the party must produce an expert witness report. FED. R. CIV. P. 26(a)(2)(B). An expert

4

witness report should facilitate the discovery process by helping parties prepare cross-examination and find rebuttal experts. See Abdulla v. Klosinski, 898 F. Supp. 2d 1348, 1357 (S.D. Ga. 2012). District courts have "wide latitude" to exclude inadequate or untimely expert witness reports. See Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1349 (11th Cir. 2004).

*1. Stuart Gregory's Testimony Will not be Excluded*

Defendant complains that Mr. Gregory's initial report, which was disclosed by March 19, 2017, was inadequate. Pursuant to Rule 26(a)(2)(B), an expert witness report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

A report must do more than promise to reveal the information Rule 26(a)(2)(B) requires. See Sommers v. Hall, 2010 WL 3463608, at *3 (S.D. Ga. Sept. 1, 2010) (stating that a "'maybe

someday I'll tell you' approach mocks the very purpose of Rule 26(a)(2)"). Additionally, a party has a continuing obligation to supplement her report. FED. R. CIV. P. 26(a)(2)(E). However, the duty to supplement a report does not facilitate an end-run around the initial duty of complete and timely disclosure. Sommers, 2010 WL 3463608, at *3. Accordingly, glaring omissions in an original expert witness report cannot be cured by a supplement. Goodbys Creek, LLC v. Arch Ins. Co., 2009 WL 1139575, at *2 (M.D. Fla. Apr. 27, 2009).

Mr. Gregory's initial report failed to meet requirements (i)-(iii) of Rule 26(a)(2)(B). The report contained little more than Mr. Gregory's promise to "render opinions regarding water intrusion . . . ." (Doc. 28, Ex. A.) Plaintiff's response to Defendant's request to provide additional information did nothing to cure these deficiencies. Although Plaintiff's third disclosure satisfied Rule 26(a)(2)(B), it was submitted three months past its deadline and three business days before the close of discovery. Accordingly, Plaintiff violated Rule 26(a)(2)(B) by failing to timely disclose an adequate expert witness report.

When a plaintiff fails to meet a Rule 26(a)(2)(B) disclosure deadline, she must demonstrate her mistake was either justified or harmless. FED. R. CIV. P. 37(c)(1); Mitchell v. Ford

6

Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009) ("'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" (quoting Leathers v. Pfizer, Inc., 233 F.R.D. 687, 691 (N.D. Ga. 2006))). An untimely disclosure is justified if it was reasonable to believe timely disclosure was unnecessary. See Durden v. Citicorp Trust Bank, FSB, 2008 WL 11318338, at *3 (M.D. Fla. Nov. 25, 2008). An untimely disclosure is harmless if a defendant suffers no prejudice. Id. at *4.

Plaintiff has not demonstrated that her delay was justified. Plaintiff concedes that Mr. Gregory is an expert under Rule 26(a)(2)(B) so Plaintiff's duty to comply with the deadline set by the Scheduling Order was clear. As for the delay's harmlessness, Plaintiff argues that Defendant was given the opportunity to ask Mr. Gregory questions when Defendant's counsel toured the house during Mr. Gregory's investigation. Expert witness reports give the opposing party the opportunity to consult with their own experts and generate useful questions *before* meeting with a party's expert. See Goodbys Creek, LLC, 2009 WL 1139575, at *3. A brief meeting with Mr. Gregory while he was conducting his investigation is not a fitting substitute. Plaintiff also points to Defendant's refusal to depose Mr. Gregory to suggest that any harm was self-inflicted. Asking

7

Defendant to depose an expert witness without an expert witness report would be asking Defendant to "fly blind." The Court will not punish Defendant for refusing to do so. Accordingly, Plaintiff's untimely disclosure was neither justified nor harmless.

Even though the Plaintiff has failed to comply with Rule 26(a)(2)(B), excluding Mr. Gregory's testimony would be a harsh result. While Federal Rule of Civil Procedure 37(c)(1) gives courts discretion to exclude witnesses, it does not require that outcome. FED. R. CIV. P. 37(c)(1) ("In addition to *or instead* of this sanction . . ." (emphasis added)). Additionally, "[w]ithout a finding of bad faith or gamesmanship on the eve of trial, many courts are loathe to invoke the strong medicine of precluding expert testimony." McClain v. Metabolife Intern., Inc., 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2002). This caution is magnified when exclusion would lead to dismissal. See, e.g., Collins v. United States, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010); Durden, 2008 WL 11318338, at *6 (refusing to exclude testimony of plaintiff's only expert despite plaintiff's failure to produce an expert witness report before the close of discovery).

Mr. Gregory's testimony is the only evidence Plaintiff has to demonstrate the source of the water damage, which is an

essential part of Plaintiff's complaint. Although the Court does not condone Plaintiff's failure to comply with Rule 26(a)(2)(B), there is nothing to suggest Plaintiff was acting in bad-faith or intentionally sandbagging Defendant. Additionally, the Court may cure any prejudice to Defendant by reopening discovery, restricting its scope to the deposition of Mr. Gregory, and also allowing the associated costs to be borne by Plaintiff.[4] Accordingly, Defendant's motion to exclude Mr. Gregory's testimony because of Plaintiff's untimely disclosure is **DENIED**.

Next, Defendant also seeks to exclude Mr. Gregory's testimony because his methods are unreliable. Under Federal Rule of Evidence 702, expert testimony may be admitted if (1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the expert has reliably applied the principles and methods to the facts of the case. See also Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 588-89 (1993). Although the focus is on the expert's principles and methods, a court may exclude expert testimony if it contains a large analytical gap

---

[4] Reopening discovery is appropriate in this case because trial is not imminent, reopening discovery for the sole purpose of deposing expert witnesses will avoid prejudice to Defendant, and further discovery is likely to lead to additional evidence. See FED. R. CIV. P. 16(b)(4) ("[A scheduling order] may be modified only for good cause and with the judge's consent."); Durden, 2008 WL 11318338, at *7 (listing the factors considered to determine good cause).

between the data relied upon and the opinion rendered. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004).

Defendant argues that Mr. Gregory's conclusions are entirely based on temporal proximity between when the storm hit and when Plaintiff first noticed water damage. The Eleventh Circuit has repeatedly held that expert testimony may not rely solely on temporal proximity. See, e.g., Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1343 (11th Cir. 2010); McCain v. Metabolife Int'l, Inc., 401 F.3d 1233, 1248 (11th Cir. 2005). However, this does not mean temporal proximity cannot be used to *support* an expert's opinion. Sampson v. Carnival Corp., 2016 WL 7377226, *6 (S.D. Fla. Dec. 16, 2016). A cursory examination of Mr. Gregory's report reveals that his opinions have multiple sources of support. For example, Mr. Gregory points to the location and frequency of water stains on the second floor and excludes other possible sources of water intrusion. (Doc. 34-1, 108.) Additionally, the Court is reluctant to exclude an expert witness before the strengths and weaknesses of his opinions can be fleshed out through deposition. Accordingly, Defendant's motion to exclude Mr. Gregory's testimony is **DENIED**.

*2. Frank Parson's Testimony Will Not be Excluded*

Although Mr. Parson's initial report--detailing the cost of repairing Plaintiff's house--complied with Rule 26(a)(2)(B),

Defendant complains that on the day of Mr. Parson's deposition, Plaintiff provided a modified report. The supplemental report included cost estimates based on structural damage as well as mold damage, whereas the original only included mold damage. Defendant moves to exclude any portion of Mr. Parson's testimony based on the structural damage identified in the supplemental report. A party may only supplement an expert witness report when it discovers new information that was unavailable at the time initial report was disclosed. Jones Creek Investors, LLC v. Columbia Cnty., 2014 WL 12618171, at *3 (S.D. Ga. Oct. 29, 2014). Plaintiff has offered no explanation why information regarding structural damage was unavailable when she disclosed Mr. Parson's first report. Accordingly, Plaintiff's supplemental report is untimely and violates Rule 26.

However, as mentioned above, exclusion is only one available option to handle untimely disclosures. Although Mr. Parson's supplement is not as essential to Plaintiff's case as Mr. Gregory's testimony, the prejudice to Defendant may be alleviated. Defendant may re-depose Mr. Parson and submit an itemized list of the costs incurred, which will be borne by Plaintiff. Accordingly, Defendant's motion to exclude Mr. Parson's testimony based on his supplemental report is **DENIED**.

3. *Tim Durden's Testimony Will Not be Excluded*

Finally, Defendant moves to exclude Mr. Durden's testimony. Mr. Durden has never turned in an expert witness report that would satisfy Rule 26(a)(2)(B). However, Plaintiff argues that Mr. Durden is not required to produce an expert witness report.[5] Expert witness reports are only required when a witness is "retained or specially employed to provide expert testimony." FED. R. CIV. P. 26(a)(2). An expert whose opinion arises from his ground-level involvement is not required to produce an expert witness report. See Southard v. State Farm Fire & Cas. Co., 2013 WL 209224, at *3 (S.D. Ga. Jan. 17, 2013) (finding an expert who was hired to repair plaintiff's home and only attended one deposition was exempt from Rule 26(a)(2)(B)). Plaintiff claims that Mr. Durden was hired to repair her home, and the Court has not been given any reason to doubt this. Accordingly, Mr. Durden is exempt from Rule 26(a)(2)(B), and Defendant's motion to exclude his testimony is **DENIED**.

### B. Plaintiff's Motion to Exclude Ron Powers' Testimony

In her motion to exclude, Plaintiff only points out that Mr. Powers and Mr. Gregory employ the same methodology. Thus, Plaintiff argues that if the Court excludes Mr. Gregory's

---

[5] While Defendant correctly points out that Plaintiff's response to Defendant's motion to exclude expert testimony (doc. 53) is untimely, the Court finds Defendant has suffered no prejudice and that Plaintiff's delay will have no impact on these proceedings. Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996) ("[When analyzing excusable neglect,] [p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration."). Therefore, the Court will consider Plaintiff's response.

testimony, it must exclude Mr. Powers' testimony as well. The Court does not condone this kind of "tit for tat" approach to litigation. Since Plaintiff has not provided an independent basis for excluding Mr. Powers' testimony, Plaintiff's motion is **DENIED**.

### C. Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment will be granted if there is no disputed material fact and Defendant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court must view facts in the light most favorable to the non-moving party and draw all inferences in its favor. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party initially bears the burden of proof and must point to evidence on file which demonstrates the absence of a disputed material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party must also show no reasonable jury could find for the non-moving party on any of the essential elements. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant carries its burden, the non-movant must come forward with significant, probative evidence showing there is a material fact in dispute. Id. at 1116. The non-movant cannot simply rely on its pleadings and

13

must respond with affidavits or other forms provided by Rule 56. Id. at 1116 n.3.

*1. Plaintiff's Evidence of Replacement Cost*

Defendant argues it is entitled to summary judgment because Plaintiff has failed to produce any evidence of damages covered by the Policy. Defendant points out that Mr. Parson only provided testimony demonstrating replacement cost. However, under the Policy, Plaintiff must repair her house before she is entitled to replacement cost. If Plaintiff fails to do so, she may only receive the actual cash value of the damaged house. "Actual cash value includes a deduction for depreciation." (Doc. 27-8, 32.) Plaintiff argues that because the damage to her house is so severe, actual cash value and replacement cost are one in the same. Plaintiff provides little support for this argument. If actual cash value were the same as replacement cost, the Policy's distinctions between the two would be superfluous. Such a reading violates the well-established canon that courts should give effect to every term in a contract. See Thomas v. Kumar, 525 S.E.2d 735, 736 (Ga. Ct. App. 1999); Restatement (Second) of Contracts § 203 cmt. b (Am. Law Inst. 1981). Plaintiff has not repaired the mold or structural damage to her house so she is only entitled to its actual cash value.

However, Mr. Parson's failure to testify about actual cash value is not fatal to Plaintiff's case. Since actual cash value is replacement cost with age and condition taken into account, Mr. Parson's testimony is still useful. Allowing Mr. Parson to describe how the age and condition of Plaintiff's house affect the value of its damages is an appropriate solution. In Grand Reserve of Columbus, LLC v. Property-Owners Ins. Co., 2017 WL 2618952, *9 (M.D. Ga. Jan. 9, 2017), the court allowed the plaintiff to reopen its case so its damages expert could testify about depreciation. The court reasoned that the defendant knew how the plaintiff was calculating damages and had an opportunity to address depreciation during discovery. Therefore, the defendant was not unfairly prejudiced. Id. at *8. Additionally, the court found that the expert's experience as an insurance adjuster made him qualified to testify on depreciation. Id. The facts in Grand Reserve are analogous to the instant case. Defendant knew the measure of damages required a depreciation deduction and could have explored that issue during Mr. Parson's deposition. Additionally, Mr. Parson has over ten years' experience using Xactimate, which can be used to estimate depreciation.[6] Defendant concedes that

---

[6] See Xactimate, Valuation ACV, http://xactware.xactimate.archive.s3-website-us-west-2.amazonaws.com/english/help/cultureeng/html/mod/mod_valuation_avc.htm.

15

Xactimate is the industry standard. Accordingly, Defendant's motion for summary judgment in this regard is **DENIED**.

*2. Insurable Interest Limitation on Damages*

Defendant claims Plaintiff's damages are limited by her insurable interest in the house. The Policy provides that it "will not pay more than the insurable interest the insured has in the covered property at the time of the loss." (Doc. 27-8, 31.) An insurable interest is any substantial economic interest in the insured property. O.C.G.A. § 33-24-4(a). Although O.C.G.A. § 33-24-4(b) makes having an insurable interest a prerequisite to recovery, "once such an insurable interest is shown to exist, it is the policy at issue, and not the statute, that determines the amount the insured is entitled to recover." Ga. Farm Bureau Mut. Ins. Co. v. Franks, 739 S.E.2d 427, 431 (2013) (emphasis in original). Where a party has a divided interest in land, an insurance policy can limit coverage to that interest. See Allstate Ins. Co. v. Ammons, 286 S.E.2d 765, 767 (Ga. Ct. App. 1981).

Plaintiff points to Franks and argues that her right to possess the house as a tenant in common entitles her to recover the full policy. However, Plaintiff's reliance on Franks is misplaced. Franks involved joint tenants, not tenants in common. Franks, 739 S.E.2d at 431. The distinguishing feature

16

of joint tenancy is that although title is shared, the title "is not divided into fractional shares." Id. Tenants in common, on the other hand, do have fractional shares. See Glover v. Ware, 510 S.E.2d 895, 897 (Ga. Ct. App. 1999). Thus, Plaintiff's recovery may be limited to the forty-percent interest she holds in the house.

Plaintiff next argues that Defendant waived this defense when it collected premiums based on the house's full value. If an agent of the insurer knows the facts of ownership when the policy is issued, the insurer is estopped from using those facts to limit recovery. See American Reliable Ins. Co. v. Woodward, 239 S.E.2d 543, 545 (Ga. Ct. App. 1977). Plaintiff argues that Defendant knew Plaintiff was not the sole owner of the house since that was reflected in the house's title when Plaintiff purchased it. Whether Defendant's agent knew about Plaintiff's ownership is ordinarily an issue reserved for a jury. Travelers Indem. Co. v. Swanson, 662 F.2d 1098, 1102 n.2 (5th Cir. 1981). Moreover, Defendant has not produced any evidence or made an argument that would convince this Court that its agent was ignorant of Plaintiff's ownership.[7] Accordingly, Defendant's motion for summary judgment on this ground is **DENIED**.

---

[7] At summary judgment, the Court must view facts in the light most favorable to Plaintiff and draw all inferences in her favor. Matsushita, 475 U.S. at 587.

17

*3. Defendant's Bad Faith Denial*

Defendant argues that Plaintiff's bad faith claim is inappropriate because there was a legitimate dispute regarding coverage. O.C.G.A. § 33-4-6(a) provides a remedy for an insured when her insurer denies a claim in bad faith. Bad faith is a frivolous and unfounded denial of liability. First of Ga. Ins. Co. v. Worthington, 299 S.E.2d 567, 571 (Ga. Ct. App. 1983). Whether a denial was made in bad faith is usually a question for the jury. Stegall v. Guardian Life Ins. Co. of America, 320 S.E.2d 575, 576 (Ga. Ct. App. 1984). However, an insurer is entitled to summary judgment if it has a reasonable factual or legal ground for denying a claim. Amica Mut. Ins. Co. v. Sanders, 779 S.E.2d 459, 463 (Ga. Ct. App. 2015). For example, an insurer does not act in bad faith when it relies on the advice of an expert. See First of Ga. Ins. Co. v. Worthington, 299 S.E.2d 567, 571 (Ga. Ct. App. 1983). Defendant denied coverage after Mr. Powers informed Defendant the source of the damage was surface water, which was not covered by the Policy. Defendant was entitled to rely on the advice of its expert when it denied Plaintiff's claim. Accordingly, Defendant's motion for summary judgment with respect to Plaintiff's bad faith claim is **GRANTED**.[8]

---

[8] Attorney's fees are only available if provided by statute or agreement. Cary v. Guiragossian, 508 S.E.2d 403, 406 (Ga. 1998). Since Defendant did not act in bad faith and the Policy does not permit Plaintiff to recover

18

### III. CONCLUSION

Upon the foregoing, **IT IS HEREBY ORDERED** that Plaintiff and Defendant's motions to exclude expert testimony (docs. 28, 57) are **DENIED** and Defendant's motion for summary judgment (doc. 27) is **GRANTED IN PART** and **DENIED IN PART**. Additionally, both motions for hearings on these matters (docs. 44, 50) are **DENIED AS MOOT**. Discovery shall be reopened and extended solely to permit the following: (1) Deposition of Stuart Gregory by Defendant and (2) deposition of Frank Parson by Defendant to be completed by no later than December 31, 2017. The parties shall notify the court that discovery is complete and the Court is ready for pre-trial proceedings. Within **ten days** thereafter, Defendant shall submit an affidavit itemizing any additional attorney's fees it incurred in this endeavor and Plaintiff shall have **five days** to respond. The Court will then determine the precise amount to be awarded after reviewing the materials submitted by both parties.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of December, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

attorney's fees, Plaintiff has no claim for attorney's fees. Since Ms. Cox's testimony is no longer needed, Defendant's motion to exclude Ms. Cox's testimony (doc. 28) is **DENIED AS MOOT**.