IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CARRIE FINCH,

    Plaintiff,

v.                                    CV 616-169

OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court is Defendant's motion to amend the Scheduling Order allowing Defendant to submit a renewed motion to exclude the testimony of Plaintiff's expert witnesses. (Doc. 73.) For the following reasons, Defendant's motion is **GRANTED IN PART and DENIED IN PART**.

This case involves Defendant's denial of Plaintiff's insurance claim. (Doc. 65, at 3.) At the heart of the dispute is whether the damage to Plaintiff's house was caused by a hailstorm or groundwater. (Id.) Given the technical nature of this question, expert testimony is critical to both parties. However, during discovery, Plaintiff failed to timely disclose expert witness reports for several of her witnesses. Defendant responded by moving to exclude four of Plaintiff's expert witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). Defendant's motion also challenged the reliability

of Plaintiff's causation expert, Stewart Gregory, pursuant to Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588-89 (1983). On December 12, 2017, the Court denied Defendant's motion, finding that the prejudice to Defendant could be cured by re-opening discovery and providing attorney's fees, and that Mr. Gregory's testimony was based on reliable methodology. (Doc. 65, at 19.)

The parties were then given until December 31, 2017 to hold depositions for Mr. Gregory and Plaintiff's damages expert, Frank Parson. (Doc. 65.) Defendant alleges that Mr. Gregory's deposition revealed previously unknown flaws in the methodology underlying his testimony. Defendant also claims that Plaintiff has continued to engage in discovery violations. Specifically, during his deposition, Mr. Gregory allegedly relied on three photographs that were not included in his expert report. Defendant also claims that Plaintiff did not disclose Mr. Parson's updated expert witness report regarding depreciation until the day of his deposition.[1]

Defendant now moves the Court to modify its Scheduling Order to give Defendant an additional fourteen days to draft a motion to exclude the testimony of Mr. Gregory and Mr. Parson. A scheduling order can be "modified only for good cause and with

---

[1] Mr. Parson amended his report after the Court found that the proper measure of damages should include a depreciation deduction.

2

the judge's consent." FED. R. CIV. P. 16(b). The movant must show it could not honor the original scheduling order despite exercising reasonable diligence. Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998).

Defendant has shown good cause to modify the Scheduling Order with respect to challenging the reliability of Mr. Gregory's testimony. In its Order, the Court voiced its reluctance to grant Defendant's motion before Mr. Gregory's deposition. Yet Defendant was forced to file its motion before taking Mr. Gregory's deposition because Plaintiff had not timely disclosed Mr. Gregory's expert witness report. Defendant should have the opportunity to challenge Mr. Gregory's testimony using all of the information to which Defendant was entitled. Accordingly, the Court will modify the Scheduling Order to allow Defendant's Daubert motion.

Defendant has also shown good cause to challenge Mr. Gregory's testimony due to Plaintiff's alleged discovery violation. An expert witness report must include "the facts or data considered by the witness in forming [his opinion]." FED. R. CIV. P. 26(a)(2). By failing to include these photographs in Mr. Gregory's expert witness report, Plaintiff violated Federal Rule of Civil Procedure 26(a)(2). Accordingly, Defendant will be given the opportunity to explain why those photographs should be excluded from Mr. Gregory's testimony.

Defendant fails to show good cause to amend the Scheduling Order with respect to Mr. Parson's testimony. Defendant claims that it was unfairly surprised during Mr. Parson's deposition because Plaintiff failed to disclose Mr. Parson's depreciation deduction. <u>Grand Reserve of Columbus, LLC v. Prop.-Owners Ins. Co.</u>, 2018 WL 286112 (11th Cir. Jan. 4, 2018), which also dealt with a depreciation deduction, is almost directly on point. There, the plaintiff's expert was allowed to testify about actual cash value after the defendant rested its case. On appeal, the Eleventh Circuit rejected the defendant's argument that it had been prejudiced by the late disclosure. The court explained that depreciation was an uncomplicated process which the defendant was familiar with and knew was the proper measure of damages. <u>Id.</u> at *2. As in <u>Grand Reserve</u>, Defendant's experts are familiar with the software Mr. Parson used to calculate depreciation. (<u>See</u> Dukes Dep., Doc. 27-2, at 31.) Furthermore, given that the Court instructed Plaintiff to make these changes, Defendant knew Mr. Parson's deposition would involve depreciation. Because Defendant was not prejudiced by Plaintiff's late disclosure, a motion to exclude Mr. Parson's testimony on such grounds would be futile.

Upon the foregoing, **IT IS HEREBY ORDERED** that Defendant's motion to amend the Scheduling Order (doc. 73) is **GRANTED IN PART and DENIED IN PART**. Within fourteen days after this Order

4

is entered, Defendant may file a motion (1) challenging the reliability of Mr. Gregory's testimony, and (2) explaining why he should not be allowed to testify about the photographs that were not in his expert witness report.[2]

**ORDER ENTERED** at Augusta, Georgia this 29th day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Because Defendant will be allowed to challenge Mr. Gregory's testimony, Plaintiff's motion for a trial date (doc. 68) is **DENIED**.

5